# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of:

Information about the location of cellular telephone assigned call number (414) 865-9250, more fully described in Attachment A.

)
)
)
)
)
)

Case No. 18-M-1253

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

Information about the location of cellular telephone assigned call number (414) 865-9250, more fully described in Attachment A.

over which the Court has jurisdiction pursuant to Title 18, United States Code, Sections 2703 and 2711, there is now concealed:

See Attachment B.

The basis for the search under Fed. R. Crim P. 41(c) is:
☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of: conspiracy to distribute and possess with the intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 846 and 841(a)(1)

The application is based on these facts: See attached affidavit.

☒ Delayed notice of 30 days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Jeffrey R. Milam, DEA Special Agent
Printed Name and Title

Sworn to before me and signed in my presence:
Date: 4/25/18

_____
Judge's signature

City and State: Milwaukee, Wisconsin

William E. Duffin, U.S. Magistrate Judge
Printed Name and Title

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Jeffrey R. Milam, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **(414) 865-9250**, (hereinafter the **subject cellular telephone**) whose service provider is T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054. The **subject cellular telephone** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. I am a Special Agent with the Drug Enforcement Administration (DEA), and have been so employed since September 2014. Prior to my current assignment, I was employed as a police officer with the St. Louis County Police Department in St. Louis, Missouri. During the last three years of my previous employment, I was a Task Force Officer with the DEA. I am an investigative or law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

3. As a federal law enforcement officer, I have participated in the investigation of narcotics-related offenses, resulting in the prosecution and conviction of numerous individuals and the seizure of illegal drugs, weapons, stolen property,

millions of dollars in United States currency and other evidence of criminal activity. As a narcotics investigator, I have interviewed many individuals involved in drug trafficking and have obtained information from them regarding acquisition, sale, importation, manufacture, and distribution of controlled substances. Through my training and experience, I am familiar with the actions, habits, traits, methods, and terminology utilized by the traffickers and abusers of controlled substances. I have participated in all aspects of drug investigations, including physical surveillance, execution of search warrants, undercover transactions, court-ordered wiretaps, analysis of phone and financial records, and arrests of numerous drug traffickers. I have been the affiant on many search warrants. I have also spoken on numerous occasions with other experienced narcotics case agents, both foreign and domestic, concerning the methods and practices of drug traffickers and money launderers. Furthermore, I have attended training courses which specialized in the investigation of narcotics trafficking and money laundering. Through these investigations, my training and experience, and conversations with other law enforcement personnel, I have become familiar with the methods used by drug traffickers to manufacture, smuggle, safeguard, and distribute narcotics, and to collect and launder trafficking-derived proceeds. I am further aware of the methods employed by major narcotics organizations to thwart any investigation of their illegal activities.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.

Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that **subject cellular telephone** is being used, and will continue to be used, to commit the following offenses, as enumerated in Title 18, United States Code, Section 2516, to wit: Conspiracy to distribute and possess with the intent to distribute controlled substances (cocaine/marijuana), in violation of Title 21, United States Code, Sections 846 and 841(a)(1), by Dwayne JOHNSON, Kenneth GREEN (a/k/a Kenneth MINOR)[1], and other yet unidentified co-conspirators. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations, and will lead to the identification of individuals who are engaged in the commission of these offenses.

---

[1] Based on their training, experience, and familiarity with this investigation, case agents believe that Kenneth GREEN and Kenneth MINOR are the same individual.

3

## PROBABLE CAUSE

6. In late July 2017, DEA Milwaukee case agents conducted a telephone interview with a source of information (SOI#1). SOI#1 provided detailed information regarding a large-scale drug trafficking organization (DTO) responsible for bringing multi-kilograms of cocaine and bulk marijuana from the Houston, Texas region, to several areas in the Midwest; to include Kentucky, South Carolina, Michigan, Illinois, and Wisconsin. SOI#1 stated the DTO is led by Kenneth GREEN, a Jamaican male subject who lives in and travels between the Milwaukee, Chicago, and Houston regions. SOI#1 admitted to case agents that in the past, SOI#1 had purchased 400-500 pounds of marijuana, and 10-40 kilograms of cocaine at a time from GREEN.

7. SOI#1 stated GREEN utilizes two truck drivers to transport the narcotics via tractor trailer. SOI#1 identified one of the truck drivers as Dwayne "Wayne" JOHNSON. SOI#1 further stated JOHNSON owns a semi truck, and transports the narcotics within the cab, or inside the rear of the trailer. JOHNSON will transport legitimate loads, in addition to the narcotics. SOI#1 stated GREEN directs JOHNSON to pick up the narcotics from yet unknown Jamaican subjects in Texas.

8. SOI#1 provided JOHNSON's telephone number **(414) 865-9250** (hereinafter the **subject cellular telephone**). According to an administrative subpoena return from T-Mobile, the **subject cellular telephone** is subscribed to DJ & Sons Trucking at 2953 N. 38th Street, Milwaukee, Wisconsin 53210. Through additional law enforcement queries, case agents observed that DJ & Sons Trucking has a business address of 2953 N. 38th

4

Street; Milwaukee, Wisconsin. JOHNSON is listed as the registered agent of the business.

9. Case agents belive that SOI#1's information is reliable. SOI#1 has been cooperataing since July 2017. SOI#1 has provided information to case agents that is against SOI#1's penal interests. Additionally, SOI#1 has provided information on an un-related investigation, which case agents corroborated. For example, SOI#1 provided information which led to the identification of a heroin distribution network, operating in the Madison, Wisconsin region. The investigation is on-going, as SOI#1 continues to provide information to investigators. SOI#1 is cooperating for judicial consideration on an unrelated investigation. SOI#1's information is based on his/her firsthand observations.

10. On December 7, 2017, DEA Milwaukee case agents conducted a proffer interview of a second source of information (SOI#2). During the interview, SOI#2 identified Kenneth GREEN as a large-scale cocaine trafficker in Milwaukee, Wisconsin. SOI#2 admitted to previously obtaining approximately five (5) kilograms of cocaine from GREEN approximately 1 year earlier. SOI#2 stated GREEN was previously arrested in Milwaukee and later deported to Jamaica. SOI#2 did not provide any further details regarding GREEN, or identify any associates to include JOHNSON.

11. Case agents belive that SOI#2's information is reliable. SOI#2 has been cooperataing since November 2017. SOI#2 has provided information to case agents that is against SOI#2's penal interests. SOI#2 has provided information on an un-related

5

investigation, which case agents corroborated. For example, SOI#2 provided information which furthered the investigation into a cocaine and marijuana distribution network, operating in Memphis, Tennessee and Milwaukee, Wisconsin. The investigation is on-going. SOI#2 is cooperating for judicial consideration on an unrelated investigation. SOI#2's information is based on his/her firsthand observations.

12.   In March 2018, DEA Milwaukee case agents conducted further telephone toll analysis of the **subject cellular telephone** after being contacted by a Police Officer of the Houston Police Department, Highway Interdiction Unit. The Officer advised that several years ago, in October 2010, he arrested JOHNSON in Montgomery County, Texas, after locating approximately two hundred pounds of marijuana found inside JOHNSON's tractor-trailer. At the time of JOHNSON's arrest, he provided the Officer with the **subject cellular telephone** number. Based on information from public records, case agents are aware that JOHNSON was convicted of a federal firearms offense in the Eastern District of Wisconsin in 2012, and sentenced to 15 months' imprisonment. This sentence ran concurrently with JOHNSON'S sentence in connection with his marijuana arrest in Montogomery County (Texas).

13.   On March 15, 2018, the Honorable Nancy Joseph, United States Magistrate Judge, Eastern District of Wisconsin, authorized an order requesting historical cell-site location information for the **subject cellular telephone**. Case agents later received a response from T-Mobile, which provided information from December 2017 to March 2018.

6

14. Case agents analyzed the location information for the **subject cellular telephone**, which indicated a pattern of travel relative to the information provided by SOI#1. For example, the **subject cellular telephone** was showing to be in the Milwaukee, Wisconsin area for several consecutive days starting December 10, 2017 to December 16, 2017. Following, over the next several days, the **subject cellular telephone** traveled to Illinois, Michigan, Ohio, Indiana, Missouri, Arkansas, and arrived in Texas by December 20, 2017. The same day, the **subject cellular telephone** traveled north through Oklahoma, Missouri, and Illinois, before arriving back in Wisconsin (Milwaukee) on December 21, 2017.

15. On December 26, 2017, the **subject cellular telephone** was in Wisconsin, before traveling through Illinois, Missouri, and Arkansas, eventually arriving in Texas on December 27, 2017. Further analysis indicated the **subject cellular telephone** was in the area of Dallas, Texas. On December 29, 2018 the **subject cellular telephone** was back in Milwaukee, Wisconsin.

16. From January to March 2018, the **subject cellular telephone** continued to indicate similar travel routes from Wisconsin to Texas, with additional travels through Indiana, Michigan, and Ohio. In January 2018, when the **subject cellular telephone** was in Texas, it was in the area of Houston. A majority of the round-trips initiating from Wisconsin were of relatively short duration; from three (3) days to one (1) week total.

17. Case agents believe JOHNSON utilizes/retains the **subject cellular telephone** to legitimize his travels, when he allegedly transports legitimate cargo in

7

addition to narcotics picked up in Texas on behalf of GREEN. Additionally, case agents believe given the short duration of time JOHNSON's travels take; specifically when returning from Texas, he is transporting narcotics to locations in Illinois and Wisconsin.

18. Case agents with the DEA are investigating JOHNSON for Possession with Intent to Distribute Cocaine/Marijuana. The investigation to date has included traditional law enforcement methods, including, but not limited to: interviews with confidential sources and sources of information; information from other law enforcement officers; documentary evidence; telephone toll data; and physical surveillance.

19. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and

can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

## AUTHORIZATION REQUEST

1. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

2. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **subject cellular telephone** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

3. I further request that the Court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile for a time period of 45 days from the date the warrant is signed. I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Sprint's services, including by initiating a signal to determine the location of the **subject cellular telephone** on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

4. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **subject cellular telephone** outside of daytime hours.

10

# ATTACHMENT A

## Property to Be Searched

1. The cellular telephone assigned call number (414) 865-9250, (the "**subject cellular telephone**"), whose wireless service provider is T-Mobile, a company headquarted at 4 Sylvan Way, Parsippany, New Jersey 07054.

2. Information about the location of the **subject cellular telephone** that is within the possession, custody, or control of T-Mobile if needed: including information about the location of the **subject cellular telephone** if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

All information about the location of the **subject cellular telephone** described in Attachment A for a period of forty-five days from the date the warrant is signed, during all times of day and night. "Information about the location of the **subject cellular telephone** includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the **subject cellular telephone** on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

2